# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JONES, HENRY L. and | ) | Case No. 04-04267-TLM |
| JONES, DIANE M., | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| IN RE | ) | |
| | ) | |
| MOTLEY, ROSE | ) | Case No. 04-03116-TLM |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| IN RE | ) | |
| | ) | |
| RISNER, GARY and | ) | Case No. 04-02310-TLM |
| RISNER, MARIA, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| IN RE | ) | |
| | ) | |
| SIGMOND, SERGIO V. and | ) | Case No. 04-01326-TLM |
| SIGMOND, ELVIRA Z., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |

MEMORANDUM OF DECISION - 1

## MEMORANDUM OF DECISION ON MOTIONS FOR STAY

### BACKGROUND

Attorney Kelly Beeman ("Beeman") represented the Debtors in each of the above cases.[1] On July 26, 2005, the Court entered a Memorandum of Decision and an Order in each case. The Orders, among other things, limited the amount of compensation Beeman could retain in each case and required him to reimburse excess amounts to his clients.[2]

On August 5, 2005, Beeman filed a notice of appeal in each of these four cases.[3] On August 15, Beeman filed identical pleadings in the four cases entitled "Motion for Stay Pending Appeal" stating, in full:

> COMES NOW, Kelly I. Beeman, the Appellant, in the above entitled matter and pursuant to Bankruptcy Rule 8005 hereby moves this Honorable Court for an Order staying all proceedings in the Bankruptcy Court for the District of Idaho pending appeal.

The Court became aware of these Motions when proposed orders were submitted for consideration.

---

[1] As in certain of the prior situations in these cases, the Court here combines the caption and the discussion because the issues raised are identical, but it enters, files and serves an original Memorandum of Decision and Order in each case to ensure the integrity of the record.

[2] Beeman was ordered to pay $343.75 to Henry and Diane Jones; $225.00 to Rose Motley; $600.00 to Gary and Maria Risner; and $562.50 to Sergio and Elvira Sigmond.

[3] The Court's prior Order addressed a fifth case, *In re Lanning*, Case No. 04-03215-TLM. Beeman did not appeal the Order in that case.

MEMORANDUM OF DECISION - 2

**DISCUSSION AND DISPOSITION**

Federal Rule of Bankruptcy Procedure 8005 states, in pertinent part:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding [Federal Rule of Bankruptcy Procedure] 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

Fed. R. Bankr. P. 8005.

Beeman's requests for a "stay pending appeal" can mean only one thing in the context of these cases – he wants the Orders[4] requiring him to pay money to his Debtor clients to be held in abeyance and be unenforceable by those clients until the appeal process has been concluded. There are no "other proceedings" pending in any of these cases that would be implicated or that could or should be stayed while Beeman exercises his right to seek appellate review of this Court's ruling.

Given the caseload of the appellate court and given the experience of this

---

[4] Beeman's pleadings consistently indicate he is attempting to appeal the Memorandum of Decision, rather than the Order. This is in error. Appeals lie from orders and judgments and decrees. *See*, *e.g.*, Fed. R. Bankr. P. 8001(a), (b); Fed. R. Bankr. P. 8002(a) (addressing also a notice of appeal filed "after the announcement of a decision or order but before entry of the judgment, order, or decree"). *Accord* Fed. R. Bankr. P. 8005, quoted above (addressing stay of judgment, order, or decree); *and* Fed. R. Civ. P. 54(a), incorporated by Fed. R. Bankr. P. 7054(a) and applicable to contested proceedings under Fed. R. Bankr. P. 9014(c) (defining judgment as including a decree or order from which an appeal lies).

MEMORANDUM OF DECISION - 3

Court, the appeal process likely will take many months.[5] Should Debtors' right to payment be stayed for so long and, if so, on what conditions?

Beeman's Motions were not set for hearing, nor as far as this record indicates did he advise his clients of their right to object to the relief he requested.[6] These defects are enough to support denial of the Motions. However, there are additional reasons to deny the Motions.

Beeman has not addressed the requirements of Fed. R. Bankr. P. 8005 or the case law construing that Rule. Authorities on the question of stays pending appeal of bankruptcy court orders indicate that, if the relief sought by the appellant includes a stay of payment of a money judgment or order, one way to accomplish this is through posting a supersedeas bond. *See*, *e.g.*, *In re Byrd*, 172 B.R. 970, 973-74 (Bankr. W.D. Wash. 1994); *see generally* 10 Collier on Bankruptcy ¶¶ 8005.04, 8005.05 (Alan N. Resnick & Henry J. Sommer eds., rev. 15th ed. 2001). If a supersedeas bond is posted pursuant to Fed. R. Bankr. P. 7062(d) in an amount approved by the Court, an appellant has an absolute right to a stay pending

---

[5] Beeman in each of these cases filed an objection to the referral of the appeal to the Bankruptcy Appellate Panel for the Ninth Circuit, even before the notice of such referral had been entered by the Clerk. If not heard by the BAP, the appeal is heard by the District Court for the District of Idaho. This Court is aware of the caseload of that Court and the range of times within which appeals of Bankruptcy Court decisions are readied for argument, briefed, heard and decided.

[6] While the Motions were served on Beeman's clients, there is no indication that he advised them they had a right to object to the Motions. Since his clients are the ones who would be paid, and since a stay could significantly delay that payment, they are "adverse" parties to Beeman in the context of these Motions. Thus, they have a right to object and be heard.

MEMORANDUM OF DECISION - 4

appeal. *Byrd*, 172 B.R. at 974.

Otherwise, an appellant must establish a basis for the bankruptcy court to impose a "discretionary" stay, which requires consideration of (1) whether the appellant [Beeman] is likely to succeed on appeal; (2) whether the appellant [Beeman] would suffer irreparable injury in the absence of a stay; (3) whether issuing a stay would cause substantial harm to the appellees [the Debtors]; and (4) the impact, if any, of a stay on the public interest. *Id.* (citing *Schwartz v. Covington*, 341 F.2d 537 (9th Cir. 1965)); *see also Acton v. Fullmer (In re Fullmer)*, 323 B.R. 287, 292-93 (Bankr. D. Nev. 2005). *See generally* 10 Collier on Bankruptcy ¶ 8005.07. Prior cases of this Court have recognized these principles. *See Pintlar Corp. v. The Fidelity & Casualty Co. of New York (In re Pintlar Corp.)*, No. 94-6292, 1995 WL 42406, at *1 (Bankr. D. Idaho Jan. 27, 1995); *In re Zaleha*, 162 B.R. 309, 317-18, 93 I.B.C.R. 296, 301 (Bankr. D. Idaho 1993).

Beeman has not posted a supersedeas bond to protect Debtors from the impact on their right to payment that may flow from a stay pending appeal. Beeman also has not attempted to establish a basis for a discretionary stay under the applicable standards. Thus the Motions cannot be granted.

If a bond is not posted, and Beeman makes an effort to obtain a discretionary stay under Rule 8005, the Court would observe that the Rule itself

MEMORANDUM OF DECISION - 5

indicates that "the bankruptcy judge may suspend or order the continuation of other proceedings in the case . . . or make any other appropriate order during the pendency of the appeal *on such terms as will protect the rights of all parties in interest*." Fed. R. Bankr. P. 8005 (emphasis added). This language, as well as the third element addressed in the case law (whether a stay would substantially injure the non-appealing parties), indicates that any stay for the duration of the appeal process should only be considered if some sort of security or other assurance is provided to the Debtors, ensuring that they will be paid the amounts previously ordered, with interest, if the appeal is unsuccessful.

For the reasons stated, the Motions will be denied. Orders will be entered accordingly in these four cases.

DATED:  August 24, 2005



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 6

CERTIFICATE RE: SERVICE

      A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

    Henry L. Jones
    Diane M. Jones
    P.O. Box 425
    New Plymouth, ID 83655

    Rose Motley
    230 E Bay Owl Drive
    Kuna, ID 83634

    Gary Risner
    Maria Risner
    P.O. Box 1124
    Meridian, ID 83642

    Gary Risner
    Maria Risner
    P.O. Box 1179
    Twin Falls, ID   83303

    Sergio V. Sigmond
    Elvira Z. Sigmond
    1075 W. Egret Drive
    Meridian, ID 83642

Case No. 04-04267-TLM (Henry L. Jones)
Case No. 04-03116-TLM (Rose Motley)
Case No. 04-02310-TLM (Gary Risner)
Case No. 04-01326-TLM (Sergio V. Sigmond)

Dated: August 24, 2005

 /s/Jo Ann B. Canderan
Judicial Assistant to Chief Judge Myers

MEMORANDUM OF DECISION - 7